IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **EMMA JEAN HAZLEY, etc., et al.,** )<br>)<br>  **Plaintiff,** )<br>)<br>v. )<br>)<br>**MONROE COUNTY BOARD OF** )<br>**EDUCATION, et al.,** )<br>)<br>  **Defendants.** ) | CIVIL ACTION 08-0142-WS-B |

### ORDER

This matter is before the Court on motion of defendant Monroe County Board of Education ("the Board") to dismiss. (Doc. 6). The plaintiffs have filed a response and the Board a reply, (Docs. 10, 11), and the motion is ripe for resolution. After carefully considering the foregoing and other relevant material in the file, the Court concludes that the motion is due to be granted in part and denied in part.

### BACKGROUND

The lawsuit is brought by "Emma Jean Hazley and on behalf of Minor Child JJ." (Doc. 1 at 1).[1] The complaint names as defendants the Board, Monroeville Junior High School ("MJHS") boys' basketball coach Ronald King, and several fictitious defendants, but the plaintiffs "stipulate to the dismissal of any and all claims against all fictitious defendants." (Doc. 10, ¶ 1). Accordingly, all claims against all fictitious defendants are **dismissed without prejudice**.

According to the complaint, JJ was a student at MJHS during the 2005-2006 academic year. King engaged in unwelcome sexual conduct, including calling JJ on her

---

[1] Despite this ambiguous phraseology, the parties agree that both Hazley and JJ are plaintiffs.

cell phone, kissing her, and touching her in private places.  The MJHS principal had actual knowledge of this harassment in February 2006.  On March 17, 2006, Hazley learned from a Department of Human Resources case worker of a sexually tinged letter King had given JJ.  Hazley met with the Board's superintendent, Dennis Mixon, on March 20, 2006.  Mixon had a copy of King's letter and confirmed that it was King's handwriting.  There is no indication in the complaint that any harassment occurred after this date.

The complaint asserts the following causes of action:

| Count | Defendant(s) | Cause of Action |
|---|---|---|
| One | Board, King | Deprivation of due process |
| Two | King[2] | Section 1983 |
| Three | Board, King | Title IX sexual harassment |
| Four | King | Assault and battery |
| Five | King, Board[3] | Outrage |
| Six | Board | Negligent supervision |

According to the complaint, the Board's wrongdoing relative to the federal claims consisted of the following: (1) failing to have in place a formal anti-harassment policy; (2) failing to have in place an official grievance procedure for lodging sexual harassment complaints; (3) failing to have appropriate policies in place to prevent further abuse once abuse has been reported to a school official; (4)  receiving constructive or imputed knowledge of the harassment (based on the principal's actual knowledge) in February 2006, without taking corrective action; (5) failing to provide counseling to JJ or her

---

[2]Count Two is brought "Against Individual Defendants."  The plaintiffs have clarified that the Board "is not an 'individual defendant.'" (Doc. 10, ¶ 2).

[3]Count Five is "brought against Defendant King individually and officially," (Doc. 1, ¶ 49), and the Board accepts that this nomenclature results in a claim against itself. (Doc. 6 at 7).

family; and (6) placing JJ back in the harassing environment.

## DISCUSSION

In order to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint must as a threshold matter provide "a short and plain statement of the claim showing that the pleader is entitled to relief" as required by Rule 8(a)(2). *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). Though they need not be detailed, "[f]actual allegations must be enough to raise a right to relief above the speculative level ...." *Id.* Thus, neither "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffices to satisfy Rule 8(a)(2). *Id.* at 1965. "Stated differently, the factual allegations in a complaint must 'posses enough heft' plausibly to suggest that the pleader is entitled to relief. ... Facts that are 'merely consistent with' the plaintiff's legal theory will not suffice when, 'without some further factual enhancement [they] stop short of the line between possibility and plausibility of "entitlement to relief."'" *Weissman v. National Association of Securities Dealers, Inc.*, 500 F.3d 1293, 1310 (11th Cir. 2007) (quoting *Twombly*, 127 S. Ct. at 1966).[4]

If, but only if, "a claim has been stated adequately [under Rule 8(a)(2)], it may be supported by showing any set of facts consistent with the complaint." *Twombly*, 127 S. Ct. at 1969 (explaining *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). That is, "[a] motion to dismiss [for failure to state a claim] may be granted only when a defendant demonstrates beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Kirwin v. Price Communications Corp.*, 391 F.3d 1323, 1325 (11th Cir. 2004) (internal quotes omitted). "When considering a motion to dismiss, all facts set forth in the plaintiff's complaint are to be accepted as true and the court limits its consideration to the pleadings and the exhibits attached thereto."

---

[4] The Board did not cite *Twombly* or any case construing it until its reply brief. Even then, it did not helpfully apply *Twombly* to the instant case. (Doc. 11 at 2-4).

*Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (internal quotes omitted).

**I. Due Process.**

In a few brief lines accompanied by a single case citation, the Board argues that the plaintiffs' constitutional claim should be dismissed because the absence of harassment after Hazley complained to Mixon: renders moot the absence of a grievance procedure; disproves the contention that the Board had no policy to prevent further abuse; shows the absence of a causal connection between the lack of policies and the harassment; and reflects the Board's lack of deliberate indifference. (Doc. 6 at 3-4).

The Board's position proceeds from the false premise that this claim attacks only the situation as it existed on or after March 20, 2006. In fact, the complaint alleges that the harassment began in or before February 2006; that the Board had in place no ant-harassment policy to discourage King from engaging in such conduct; that the Board had in place no grievance procedure to encourage victims such as JJ to report harassment; that the MJHS principal nevertheless acquired actual knowledge of the harassment in February 2006 but took no corrective action, at least in part because the Board had in place no policies to prevent future harassment after a school official became aware of such harassment; and that the plaintiff received no counseling, and was placed back in the harassing environment despite the principal's actual knowledge, at least in part because the Board had no effective policies otherwise.

The Board does not address, factually or legally, the plaintiff's actual claim and, as the Board insists, "[t]he court is not obliged to create arguments or to conduct research for a party." (Doc. 11 at 2).[5]

---

[5] Count One also makes reference to Title IX and to 42 U.S.C. § 1983. The reference to Title IX is superfluous, given that Count Three sets forth the plaintiff's claim under that statute. The reference to Section 1983 is not, as the Board suggests, improper or unnecessary, (Doc. 6 at 4), since it provides the gateway through which the plaintiffs

**II. Title IX.**

The Board argues primarily that liability under Title IX requires actual knowledge of the harassment by the school board or its superintendent and, as a matter of law, cannot be based on actual knowledge of a principal. (Doc. 6 at 3, 6). For this proposition, the Board relies exclusively on *Floyd v. Waiters*, 133 F.3d 786 (11th Cir.) ("*Floyd I*"), *vacated*, 525 U.S. 802 (1998), *reinstated*, 171 F.3d 1264 (11th Cir. 1999) ("*Floyd II*").

In fact, the opinions in *Floyd I* and *Floyd II* do not hold that the actual knowledge of an Alabama principal can never support Title IX liability. On the contrary, the Court carefully limited its holding to Georgia entities. *Floyd I*, 133 F3d at 791 n.9. What the *Floyd* cases accomplished was to frame a two-part test that a plaintiff must satisfy: (1) that the supervisor with knowledge has the authority to take action to end the harassment; and (2) that the supervisor is sufficiently high in the hierarchy so that "his acts constitute an official decision by the school district itself not to remedy the misconduct." *Floyd II*, 171 F.3d at 1264; *Floyd I*, 133 F.3d at 790-92. The Board has neither addressed this test nor identified any case altering the test or declaring it impossible to satisfy by an Alabama principal's actual knowledge. Again, the Court will not conduct the Board's legal research or devise arguments on its behalf.

The Board next argues that the complaint fails to allege when the principal became aware of King's harassment of JJ, how he became aware, or that the harassment continued after he became aware. (Doc. 6 at 5-6 & n.1). The complaint, however, alleges that the principal "had actual knowledge of the harassment in February 2006" and that, rather than counseling JJ and removing her from the harassing environment, the Board (through the principal, whose actual knowledge was allegedly imputed to the Board) placed her "right back into the harassing environment," where she was caused to "undergo further harassment and/or made ... vulnerable to such harassment." (Doc. 1, ¶¶ 42-44). The Board has explained neither why these allegations are insufficient nor why a

---

can bring their constitutional claim.

specific allegation as to how the principal became aware of the harassment should be required at the pleading stage.

Finally, the Board argues the plaintiff was required to allege that other students victimized by harassment were provided counseling and that JJ was denied counseling based on sex discrimination against her. (Doc. 6 at 6-7). The lack of explanation or authority accompanying this one-sentence argument precludes its consideration by the Court.

### III. State-Law Claims.

"[T]he State of Alabama shall not be made a defendant in any court of law or equity." Ala. Const., art. I, Section 14. "County boards of education are deemed to be local agencies of the State for purposes of applying the State's sovereign immunity under [Section 14]." *Carroll ex rel. Slaught v. Hammett*, 744 So. 2d 906, 910 (Ala. 1999). The Board properly invokes this immunity, the plaintiffs do not assert the applicability of any exception to it, and it is apparent that none exists. *See Alabama Department of Transportation v. Harbert International, Inc*., 2008 WL 615912 at *7 (Ala. 2008) (identifying the limited exceptions to Section 14 immunity).

### CONCLUSION

For the reasons set forth above, the Board's motion to dismiss is **granted** with respect to all claims against all fictitious defendants and is further **granted** with respect to the state-law claims against the Board asserted in Counts Five and Six. In all other respects, the motion to dismiss is **denied**.

DONE and ORDERED this 7th day of July, 2008.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE