IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **EMMA JEAN HAZLEY, etc., et al.,** ) | |
| ) | |
|     **Plaintiffs,** ) | |
| ) | |
| v. ) | CIVIL ACTION 08-0142-WS-B |
| ) | |
| **MONROE COUNTY BOARD OF** ) | |
| **EDUCATION, et al.,** ) | |
| ) | |
|     **Defendants.** ) | |

**ORDER**

    The plaintiffs filed suit in March 2008 against the Monroe County Board of Education ("the Board") and coach Ronald King. (Doc. 1). In August, their counsel moved for leave to withdraw, citing the plaintiffs' refusal to cooperate in the development of discovery responses or even to respond to counsel's telephone messages and certified mail delivery. (Doc. 26). After confirming that the plaintiffs had received a copy of the motion, the Magistrate Judge entered an order granting the motion to withdraw. (Docs. 29-32). The order instructed the plaintiffs to file either a notice of appearance by substitute counsel or a notice of their intent to proceed pro se. (Doc. 32 at 1). The order explicitly stated, in boldfaced characters, that "[f]ailure to comply with this Order will result in a recommendation that Plaintiff's claims be dismissed for failure to prosecute." (*Id*. at 2).

    The plaintiffs did not comply with the Magistrate Judge's order. Moreover, when the Board later moved for summary judgment, the plaintiffs ignored the Court's order setting forth a briefing schedule, (Doc. 34), filing no opposition, and the Court ultimately granted the Board's motion based on its merit. (Doc. 37). Finally, although King was served with process in August and has never answered the complaint or otherwise defended, (Doc. 28), the plaintiffs have not sought default against him.

"If the plaintiff fails to prosecute or to comply with ... a court order, a defendant may move to dismiss the action or any claim against it."  Fed. R. Civ. P. 41(b).  Although King has not sought dismissal, "[a] district court may dismiss an action sua sponte under Fed. R. Civ. P. 41(b) for failure to prosecute ...."  *Goodison v. Washington Mutual Bank*, 2007 WL 1455055 at *1 (11th Cir. 2007).  "The district court's power to dismiss is an inherent aspect of its authority to ... ensure prompt disposition of lawsuits."  *Sanders v. Barrett*, 2005 WL 2640979 at *1 (11th Cir. 2005) (internal quotes omitted).

"The legal standard to be applied under Rule 41(b) is whether there is a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice."  *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985) (internal quotes omitted); *accord Gratton v. Great American Communications*, 178 F.3d 1373, 1374 (11th Cir. 1999).  The record necessary to support dismissal for failure to prosecute is present here.  The plaintiffs failed to perfect service on King for almost five months, then never pursued him, even by default, after he was served.  They ignored a Court order despite actual awareness that doing so could subject their action to dismissal.  They stood silent in the face of the Board's motion for summary judgment, and they obstructed counsel and the administration of justice by refusing to cooperate in discovery or even acknowledge her pleas for assistance.  This record establishes the plaintiffs' record of delay in prosecuting the action and contempt for Court orders, and it fully supports the finding that no lesser sanction than dismissal would suffice.

Accordingly, and for the reasons set forth above, the plaintiffs' claims against Ronald King are **dismissed without prejudice**.  There being no other claims remaining in the case, the Clerk is directed to close the file.

DONE and ORDERED this 31st day of December, 2008.

                                         s/ WILLIAM H. STEELE
                                         UNITED STATES DISTRICT JUDGE